COLUMBIA COLLEGE, Appellee, v. WILLIAM S. HART et al., Appellants.

PLEADING: Matters Specially Pleadable—Payment. A plea of payment is an affirmative defense.

Headnote 1:   8 C. J. p. 968; 30 Cyc. p. 1253.

Headnote 1:   21 R. C. L. 115.

*Appeal from Allamakee District Court.*—JAMES D. COONEY, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to foreclose a real estate mortgage. The controversy involves the right to a certain credit to which the defendants

claim to be entitled as payment on the note in question. The trial court denied the credit, and the defendants appeal.—*Affirmed.*

*A. E. Sheridan,* for appellants.

*Hurd, Lenehan, Smith & O'Connor* and *G. B. Richter,* for appellee.

DE GRAFF, J.—The amount involved in this suit is $185.15, —the difference between the claimed credit, $750, and the amount credited, $564.85.

The facts, briefly stated, disclose that the plaintiff, Columbia College, was the owner of a note for $4,500, signed by the instant defendants, which note was secured by a mortgage on 120 acres of Allamakee County land. These instruments bore date January 9, 1919, and were due January 9, 1924, with interest payable annually, at 6 per cent. The interest was paid the first two years, and duly indorsed on said note. The annual interest due January 9, 1922, was not paid on the due date. This was the provocation of much correspondence between the business manager of the plaintiff college and the defendant William S. Hart. It is quite apparent that the defendant did not give the matter prompt attention, and that he was quite dilatory in answering the letters of the business manager.

It further appears that, on January 17, 1923, Attorney D. J. Murphy reported to Columbia College that he had a fee in his hands belonging to Hart (defendant), and "out of this he directs me to pay the interest, which will be done." On January 31, 1923, Murphy sent to the college the full amount of interest due January 9, 1923, to wit, $564.35. This payment was indorsed on the note.

On the maturity date, January 9, 1924, there was due the principal, $4,500, and interest, $270. Prior to the due date, the secretary of the college wrote to Hart, and informed him of the time of maturity and the amount due. To this letter Hart replied, and, among other things, said:

"Will be glad to make prompt payment of the interest on this loan, but payment of the principal will be impossible at this time and I would like to have this loan extended for another period of from three to five years."

On January 4, 1924, and in response to said request, the plaintiff replied:

"We shall be pleased to extend your loan for one year at the rate of six per cent per annum. This favor is extended, of course, with the understanding that the interest will be paid promptly."

No reply was made, and on January 19, 1924, the secretary of the college again wrote him, to the same effect. On January 21, 1924, Mr. Hart replied, stating that he would give the matter attention in the immediate future. No further reply was made, and on February 20, 1924, the secretary again wrote Mr. Hart, reminding him of the prior notices, and again requested payment. No reply to this letter was made, and seven months thereafter, the matter was put in the hands of the attorneys for the plaintiff, who then wrote a letter to Mr. Hart, demanding payment of principal and interest. Further correspondence was had, in which Mr. Hart requested the date of the note and date and amount of the indorsements. This information was duly given. On October 15, 1924, Mr. Hart wrote the attorneys, stating that his record "shows an additional payment of interest upon this loan, which does not seem to be credited by your letter. The amount as I figure it is $210 which should have been applied upon the interest maturing January, 1924."

Apparently this was the first intimation the plaintiff had of the claimed payment. Further correspondence ensued, with the same marked delay on the part of Mr. Hart in making answer to the letters of plaintiff.

In brief, the whole controversy hinges upon the act of Mr. D. J. Murphy in failing to remit to the college the full sum of $750 which, it is claimed by Mr. Hart, should have been paid by Murphy to the college on the note in suit.

It is the claim of Mr. Hart that he and Murphy were associated as attorneys in a case for one Mrs. Walsh, and upon the termination of the case, Mrs. Walsh paid Murphy $750 in payment of attorney fees to Hart. It is the further claim that Murphy had plenary authority in the investment and financial affairs of the college, and that Mr. Hart knew no one other than Murphy in the deal.

In the first place, a plea of payment is an affirmative defense. We discover no such plea. The defendants deny the

indebtedness, and further answer that they have repeatedly, prior and subsequent to the maturity of said note, tendered payment in full amount due thereon. The evidence fails to establish the tender, and it is shown, without conflict, that the defendant Hart never paid Murphy $750 or any part thereof, and furthermore, there is no competent evidence that Murphy was the agent of the appellee in the particular matter.

We do not feel that this appeal merits an extended opinion. The quarrel is and must be between Mr. Hart and Mr. Murphy, and not between Mr. Hart and the appellee-college. The decree entered in favor of the plaintiff for the full amount of the claim is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.